UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No: C 09-2007 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Docket 117. |

Plaintiff Valley Forge Insurance Company ("Plaintiff") brought this insurance coverage dispute against Defendant Zurich American Insurance Company ("Defendant") to obtain reimbursement of defense costs and settlement amounts paid in an underlying state court action on behalf of Defendant's insured. The parties are presently before the Court on Plaintiff's six motions in limine. Dkt. 117. Plaintiff's motions in limine came on regularly for hearing on January 23, 2012. William D. Paoli appeared for Plaintiff. Jonathan Gross appeared for Defendant. Having read and considered the papers filed in connection with this matter, upon hearing the arguments of counsel, and being fully informed, the Court hereby GRANTS IN PART AND DENIES IN PART the motions in limine, for the reasons stated below and at the hearing.

**I.  DISCUSSION**

  **A.  Motions In Limine**

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Under appropriate circumstances, a motion in limine may be used to exclude inadmissible or prejudicial evidence before it is offered at trial. See Luce v. United States, 469 U.S. 38,

40 n. 2 (1984).  "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."  United States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002).

### B. Plaintiff's Motions In Limine

#### 1. Motion In Limine No. 1

Plaintiff moves for an Order precluding Defendant from offering evidence that the Plaintiff acted as a volunteer when it provided a defense to Defendant's insured and settled the underlying lawsuit on its behalf.  Plaintiff contends that the Court has ruled as a matter of law that Plaintiff was not acting as a volunteer.  Defendant counters that the Court's determination in this regard was made in the narrow context of a summary judgment motion, and therefore a triable issue of fact on the issue remains for trial.  The Court agrees with Plaintiff.  As noted at the hearing, the Court has already ruled on this issue.  On July 14, 2011, this Court issued an Order denying Defendant's second motion for partial summary judgment.  Dkt. 96.  In that Order, the Court concluded that Plaintiff did not act as a volunteer as a matter of law.  Id.

Accordingly, the Court GRANTS motion in limine no. 1.  Defendant shall not offer any evidence or argument on the issue of whether Plaintiff acted as a volunteer when it provided a defense to Defendant's insured and settled the underlying lawsuit on its behalf.

#### 2. Motion In Limine No. 2

Plaintiff seeks to exclude the introduction or mention of Hathaway Dinwiddie Construction Company's ("Hathaway") defense counsel's letter of January 30, 2008 wherein defense counsel provides his opinion on the fault allocation among those involved in the accident.  This letter was previously introduced in Defendant's first motion for summary judgment.  See Dkt. 33, Exh. W.  At that time, the Court rejected the admissibility of the letter on the basis that "a defense attorney's opinion would never go into evidence" on the issue of culpability.  See Dkt. 56 at 23-24.

Defendant, for his part, "respects that this Court has expressed doubts on the probity of the letter and expects the Court to give it the weight it deserves." Nonetheless, Defendant argues that the letter is admissible under Hartford Casualty Ins. Co. v. Mt. Hawley Ins. Co., 123 Cal.App.4th 278 (2004). According to Defendant, the "letter is exactly the same as the letter from defense counsel relied upon by the Court" in Hartford. As such, Defendant contends the letter is "directly relevant and admissible." The Court disagrees.

Hartford is materially distinguishable from the instant case, and therefore does not support Defendant's position. In Hartford, the letter relied upon by the court was written by a claim consultant employed by Plaintiff Hartford Casualty Insurance Company, not an attorney representing Defendant's insured. Hartford ,123 Cal.App.4th at 283-284, 291-292. The Court relied on the letter, which provided a fault allocation among those involved in the accident, as evidence that Plaintiff could not establish as a matter of law that Defendant's insured was solely negligent in causing the accident. Id. at 291-292. Thus, as indicated at the hearing, contrary to Defendant's contention, Hartford is not authority for the proposition that Hathaway's defense counsel's letter is admissible in this case.

Accordingly, the Court GRANTS motion in limine no. 2. Defendant shall not introduce or mention Hathaway's defense counsel's letter of January 30, 2008 at trial.

### 3. Motion In Limine No. 3

Plaintiff seeks to exclude a portion of the deposition testimony of Fidel Carrasco ("Carrasco"), a foreman for Reinhardt Roofing, Inc. ("Reinhardt"), on the grounds that the testimony is inadmissible as improper lay opinion, and inadmissible under Rule 403 of the Federal Rules of Evidence because the probative value of the testimony is substantially outweighed by its prejudicial effect.

According to Plaintiff, "Mr. Carrasco's testimony that he would have [had] his roofing crew get off of the canopy if the Hathaway superintendent asked him to spread out his men over the area of the canopy, is inadmissible lay opinion." At the hearing, the Court noted that Plaintiff had failed to properly identify the specific portion of Mr. Carrasco's

deposition testimony that it seeks to exclude.  Plaintiff's brief did not direct the Court to the specific place in the record where the objectionable testimony appears.  This alone constitutes a sufficient basis to deny the motion in limine.  See Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide:  Fed. Civ. Pro. Before Trial § 14.145.2 at 14-51 (TRG 2009) ("The Court is not obligated to consider matters not specifically brought to its attention.").

In response to the Court's inquiry as to where the objected-to deposition testimony could be located in the record, counsel failed to provide a citation to the record.  Accordingly, the Court DENIES motion in limine no. 3.

### 4. Motion In Limine No. 4

Plaintiff seeks to exclude all references to the roof canopy as being "wobbly" or loose prior to its failure.  At the hearing, Plaintiff withdrew this motion.  As such, the Court need not rule on motion in limine no. 4.

### 5. Motion In Limine No. 5

Plaintiff seeks to exclude the testimony of Anthony C. Milo ("Milo"), a roofing consultant, on the grounds that his expert opinion lacks foundation because it is based on inadmissible hearsay, and is contrary to the overwhelming evidence that the roof canopy was not "wobbly" and that its collapse was a complete surprise to the injured roofers.

As noted at the hearing, Rule 703 of the Federal Rules of Evidence permits experts to render opinions even if based on hearsay.  Fed.R.Evid. 703; Carson Harbor Village, Ltd. v. Unocal Corp., 270 F.3d 863, 873 (9th Cir. 2001).  Thus, Plaintiff's objection to the expert testimony of Mr. Milo on this basis is without merit.  Further, to the extent Plaintiff seeks to exclude the expert testimony of Mr. Milo on the ground that the testimony is contrary to the overwhelming evidence, this is not a valid basis for exclusion.  See Humetrix, Inc. v. Gemplus S.C.A., 268 F.3d 910, 919 (9th Cir. 2001) (noting that an opposing party's proper challenge to the accuracy of an expert's testimony is "not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of its own expert witnesses.").  Accordingly, the Court DENIES motion in limine no. 5.

**6.      Motion In Limine No. 6**

Plaintiff seeks to exclude the testimony of David VanDerostyne ("VanDerostyne"), a structural engineering expert, on the ground that his testimony is irrelevant because his testimony is limited to evaluating the negligence of DES Architects & Engineers ("DES"). According to Plaintiff, evidence of whether DES was negligent is irrelevant because under California law evidence of a third party's negligence is not relevant to the determination of whether Defendant's insured, i.e., Hathaway, was "solely negligent" as that phrase is used in subcontract indemnity agreements. In support of its position, Plaintiff cites Southern Pacific Transportation Co. v. Sandyland Protective Assn., 224 Cal.App.3d 1494 (1990).

Defendant contends that Mr. VanDerostyne's testimony is relevant because the issue of fault allocation for the accident is not limited to the negligence of the parties to the contract that contains the indemnity provision (i.e., Reinhardt and Hathaway), and therefore DES' negligence with respect to the accident is relevant. Defendant argues that, contrary to Plaintiff's contention, Sandyland does not support a different conclusion. In addition, Defendant contends that Mr. VanDerostyne's testimony is relevant because he will testify as to whether the weight of the Reinhardt workers was a cause of the roof canopy collapse. In response to this argument, Plaintiff simply argues that testimony regarding the weight of the Reinhardt employees on the roof canopy does not show that Reinhardt or its employees were negligent and is irrelevant; noting that the same employees worked on other canopies and their weight did not cause these canopies to fail.

The Court concludes that Plaintiff has failed to demonstrate that Mr. VanDerostyne's testimony should be excluded. First, the Court notes that Plaintiff conceded at the hearing that it is undisputed that DES was at fault for the accident giving rise to this suit. As such, there is no need for Mr. VanDerostyne to testify at trial as to the negligence of DES. Second, the Court rejects Plaintiff's contention that the weight of the Reinhardt employees on the roof canopy is irrelevant. The Court finds this evidence relevant under Rule 401 of the Federal Rules of Evidence. Fed.R.Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be

without the evidence; and (b) the fact is of consequence in determining the action."). Mr. VanDerostyne's testimony in this regard is relevant to the determination of fault allocation among those involved in the accident. At the hearing, Plaintiff did not provide persuasive argument supporting a contrary conclusion.

Finally, the Court finds that Plaintiff's contention regarding the legal significance of Sandyland is not a proper subject for a motion in limine. This issue should have been raised in a motion for summary judgment, not as an evidentiary dispute in a motion in limine. The Court notes that Plaintiff has argued its position with respect to Sandyland in its trial brief. As such, the Court finds it unnecessary to address the legal significance of Sandyland at this time.

Accordingly, the Court DENIES motion in limine no. 6. Mr. VanDerostyne is not excluded from testifying at trial.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions in limine are GRANTED IN PART AND DENIED IN PART.

2. This Order terminates Docket 117.

IT IS SO ORDERED.

Dated: 1/23/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge